UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                          )
SANDRA PEELER,                            )
                                          )   No. C14-0552RSL
            Plaintiff,                    )
     v.                                   )   ORDER REGARDING CROSS-
                                          )   MOTIONS FOR SUMMARY
THE BOEING COMPANY, *et al.*,             )   JUDGMENT ON PLAINTIFF'S
                                          )   ACCOMMODATION CLAIM
            Defendants.                   )
_____ )

      This matter comes before the Court on "Plaintiff's Motion for Partial Summary Judgment on Failure to Accommodate, Constructive Discharge, and Affirmative Defenses." Dkt. # 53. In response, defendants seek judgment in their favor on the failure to accommodate claim. Dkt. # 77 at 7.

      Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to

ORDER REGARDING CROSS-MOTIONS FOR
SUMMARY JUDGMENT ON PLAINTIFF'S
ACCOMMODATION CLAIM.

designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties[1] and taking the evidence in the light most favorable to the non-moving party, the Court finds as follows:

Plaintiff alleges that she was constructively discharged from employment at Boeing "because of . . . the presence of [a] sensory, mental, or physical disability," in violation of the Washington Law Against Discrimination ("WLAD"), RCW 49.60.180(2). In order to establish a prima facie case that defendants failed to reasonably accommodate her post-traumatic stress disorder and depression, plaintiff "must show that (1) the employee had a sensory, mental, or

---

[1] The parties' evidentiary objections are overruled without prejudice to their being raised again at trial. In evaluating defendants' conduct, the Court has not considered facts of which defendants were unaware at the time plaintiff was excluded from the workplace. To the extent the reasonableness of defendants' interpretation of Dr. Bailey's 2013 report is at issue, however, the Court has considered his subsequent testimony regarding his intent and understanding at the time.

ORDER REGARDING CROSS-MOTIONS FOR
SUMMARY JUDGMENT ON PLAINTIFF'S
ACCOMMODATION CLAIM.                    -2-

physical abnormality that substantially limited his or her ability to perform the job; (2) the employee was qualified to perform the essential functions of the job in question; (3) the employee gave the employer notice of the abnormality and its accompanying substantial limitations; and (4) upon notice, the employer failed to affirmatively adopt measures that were available to the employer . . . to accommodate the abnormality." Hill v. BCTI Income Fund-I, 144 Wn.2d 172, 192-93 (2001).[2] At issue in these cross-motions is whether plaintiff was "qualified to perform the essential functions of" an aviation maintenance technician. The term "essential functions" is derived from the WLAD's federal counterpart, the Americans with Disabilities Act ("ADA"), and it has been defined to mean "the *fundamental job duties* of the employment position the individual with a disability holds or desires," not including "the marginal functions of the position." Davis v. Microsoft Corp., 149 Wn.2d 521, 532 (2003) (emphasis in original) (quoting 29 C.F.R. § 1630.2(n)(1)). An employer need not eliminate or alter a task, service, or duty that is indispensable to the job. Pulcino v. Fed. Express Corp., 141 Wn.2d 629, 644 (2000). Thus, an employer may discharge an employee who is unable to perform an essential function of the job without attempting to redefine the job to suit the employee's abilities. Clarke v. Shoreline Sch. Dist. No. 412, 106 Wn.2d 102, 119 (1986).

Plaintiff relies on the report of Dr. Tyson Bailey, a licensed clinical psychologist, to show that she was able to perform the essential functions of an airplane mechanic. Dr. Bailey stated that, "[f]rom a cognitive perspective, the test data consistently showed that Ms. Peeler could perform the functions of her job when not under significant emotional distress." Dkt. # 53 at 4 (quoting Dkt. # 54-1 at 5). Defendants do not dispute that plaintiff will, upon completion of her training, have the cognitive and physical abilities to perform the specific tasks associated with

---

[2] Prior to 2007, the measures must also have been "medically necessary," but that requirement was abrogated by statute, as recognized in Johnson v. Chevron U.S.A., Inc., 159 Wn. App. 18, 29-30 (2010).

ORDER REGARDING CROSS-MOTIONS FOR
SUMMARY JUDGMENT ON PLAINTIFF'S
ACCOMMODATION CLAIM.                    -3-

airplane maintenance. They argue, however, that those tasks must be performed in a workplace setting involving co-workers and supervisors and that there is evidence from which one could reasonably conclude that plaintiff is incapable of doing that. Defendants are correct. A fair reading of Dr. Bailey's report shows that he had significant concerns regarding plaintiff's ability to manage emotional distress in the workplace. Dr. Bailey noted that plaintiff experiences a chronic level of distress, that her reaction to workplace stressors was "greater than would be expected," that she "is experiencing some difficulties effectively evaluating her environment," that "her current level of distress is drastically exceeding her coping strategies," and that she may be using avoidance and/or dissociative strategies that increase the likelihood that the stress will become unmanageable. Dkt. # 54-1 at 5-6. The testing Dr. Bailey performed revealed that, when faced with ambiguous, intense, or emotionally-charged circumstances, plaintiff becomes disorganized, experiences unexpected cognitive difficulties given her scores, and manifests emotional dysregulation. Dkt. # 54-1 at 4-6. Dr. Bailey did not think plaintiff had the coping skills to return to work as of June 2013. He therefore recommended that plaintiff participate in 6-12 months of therapy focusing on "building mindful awareness, understanding and regulating her emotions, interacting effectively with others, and getting through difficult situations without making them worse" and that she undergo another evaluation before re-entering the workforce. Dkt. # 54-1 at 6.

The factfinder could reasonably find that plaintiff, while cognitively able when not under emotional stress, could not manage the normal stresses of the workplace. As the Ninth Circuit recently noted, "[a]n essential function of almost every job is the ability to appropriately handle stress and interact with others." Mayo v. PCC Structurals, Inc., 795 F.3d 941, 2015 WL 4529357, at *2 (9th Cir. July 28, 2015). Dr. Bailey found that when plaintiff was faced with ambiguity or intense situations, she became disorganized and answered questions randomly. In addition, plaintiff's response to stress during her training program involved both suicidal and

homicidal ideation. If the factfinder concludes that plaintiff did not have the skills she needed to handle the stresses involved in working as an aviation maintenance technician during the relevant time frame and/or that the stress led her to make serious and credible threats against her co-workers, she would not be qualified to perform the work in question. Mayo, 2015 WL 4529357, at * 3.[3] Plaintiff will undoubtedly argue that it was the harassing and discriminatory conduct to which she was exposed that triggered her emotional dysregulation, and that if she could be assured a "normal" workplace with appropriate accommodations, she would be fine. This, too, is a reasonable interpretation of the evidence. The Court will not choose between two reasonable conclusions on a motion for summary judgment.

Only if the trier of fact were to find that plaintiff is qualified to perform the essential functions of the aviation maintenance technician job would the issues raised in plaintiff's motion come to the fore. The Court declines to determine whether there was an accommodation that could have been provided without undue hardship and/or whether defendant discriminated against plaintiff because of her disability until the nature and impacts of her disability have been established at trial.[4] To the extent defendants have asserted a "direct threat" defense under 42 U.S.C. § 12113(b), however, they have not attempted to show that plaintiff's return to the workforce posed "a significant risk to the health or safety of others that cannot be eliminated by

---

[3] In Mayo, the employee threatened "to kill his co-workers in chilling detail and on multiple occasions." 2015 WL 4529357, at *2. The facts of Mayo warranted a finding as a matter of law, but were much more dramatic than the facts in this case.

[4] For example, if the trier of fact were to find that plaintiff were qualified to perform the functions of the job in June 2013 as long as she participated in daily therapy and enjoyed a calm and serene work environment, the trier of fact might conclude that accommodation was impossible or that a leave of absence was the appropriate response. If, on the other hand, plaintiff's limitations could be addressed with accommodations such as noise-cancelling headphones, a safe place to retreat, and/or a spot on the graveyard shift, the trier of fact could conclude that Boeing had not fully explored these options before refusing to allow plaintiff to return to work.

ORDER REGARDING CROSS-MOTIONS FOR
SUMMARY JUDGMENT ON PLAINTIFF'S
ACCOMMODATION CLAIM.                    -5-

reasonable accommodation." 42 U.S.C. § 12111(3); Echazabal v. Chevron U.S.A., Inc., 336 F.3d 1023, 1027 (9th Cir. 2003). Although Dr. Bailey evaluated plaintiff's ability to perform the essential functions of her job, he did not conduct a threat assessment or specifically consider "(1) [t]he duration of the risk; (2) [t]he nature and severity of the potential harm; (3) [t]he likelihood that the potential harm will occur; and (4) [t]he imminence of the potential harm." 29 C.F.R. § 1630.2(r). While Dr. Bailey's report would support a plausible argument that plaintiff's health would be in imminent and likely jeopardy if she returned to the factory floor before acquiring adequate coping skills, the regulations are very specific regarding the kind of assessment an employer must make and against which the reasonableness of a threat determination will be measured. Echazabal, 336 F.3d at 1028. Defendants did not obtain a medical judgment on the matters specified in the regulations. Having failed to perform the required individualized threat assessment, their "direct threat" defense is unsupported.

For all of the foregoing reasons, plaintiff's motion for summary judgment (Dkt. # 53) is GRANTED in part. Defendants have failed to raise a genuine issue of material fact regarding their "direct threat" defense: that affirmative defense is hereby STRICKEN. Plaintiff's other requests for judgment as a matter of law and defendants' cross-motion (Dkt. # 77 at 7) are DENIED.

Dated this 30th day of October, 2015.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING CROSS-MOTIONS FOR
SUMMARY JUDGMENT ON PLAINTIFF'S
ACCOMMODATION CLAIM.                     -6-