UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                              )
SANDRA PEELER,                                )
                                              )    No. C14-0552RSL
                    Plaintiff,                )
          v.                                  )    ORDER GRANTING IN PART
                                              )    DEFENDANTS' MOTIONS
THE BOEING COMPANY, *et al.*,                 )    FOR SUMMARY JUDGMENT
                                              )
                    Defendants.               )
_____)

This matter comes before the Court on "Defendant Gonzalez-Dilan's Motion for Summary Judgment" (Dkt. # 55) and "Defendant The Boeing Company's Motion for Partial Summary Judgment re Disability and Retaliation Claims" (Dkt. #62). Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable

ORDER GRANTING IN PART DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT

1  inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th
2  Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the
3  weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence
4  in support of the non-moving party's position will be insufficient" to avoid judgment. City of
5  Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty
6  Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the
7  outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal.
8  Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment
9  should be granted where the nonmoving party fails to offer evidence from which a reasonable
10 fact finder could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626
11 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties[1] and taking the evidence in the light most favorable to the non-moving party, the Court finds as follows:

**A. Accommodation Claim**

In order to establish a prima facie case that defendants failed to reasonably accommodate plaintiff's post-traumatic stress disorder and depression in violation of the Washington Law Against Discrimination ("WLAD"), plaintiff "must show that (1) the employee had a sensory, mental, or physical abnormality that substantially limited his or her ability to perform the job; (2) the employee was qualified to perform the essential functions of the job in question; (3) the employee gave the employer notice of the abnormality and its accompanying substantial limitations; and (4) upon notice, the employer failed to affirmatively adopt measures that were

---

[1] For purposes of this motion, the Court has not considered facts of which defendants were unaware at the time plaintiff was excluded from the workplace, including her prior and subsequent work history and her pre-2013 treatment records.

ORDER GRANTING IN PART DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT        -2-

available to the employer . . . to accommodate the abnormality." Hill v. BCTI Income Fund-I, 144 Wn.2d 172, 192-93 (2001).[2] The WLAD was "intended to reach individual wrongdoers in the workplace, not just the employers themselves." Brown v. Scott Paper Worldwide Co., 143 Wn.2d 349, 360 (2001). Dr. Gonzalez-Dilan acknowledges that it was his decision not to permit plaintiff to return to work, and it is undisputed that he was acting in the interests of the employer when he handled plaintiff's request for accommodation. If a failure to accommodate occurred, both he and the employer can be held liable.

Dr. Gonzalez-Dilan excluded plaintiff from the workplace because of his concerns regarding her mental health status. To the extent defendants justify the exclusion on the ground that plaintiff was not "qualified to perform the essential functions of" the aviation mechanic position (Hill v. BCTI Income Fund-I, 144 Wn.2d 172, 192-93 (2001)), genuine issues of fact remain as discussed in the "Order Regarding Cross-Motions for Summary Judgment on Plaintiff's Accommodation Claim," of even date. The trier of fact will have to determine whether plaintiff could, during the relevant time period, manage the normal stresses of the workplace and simply needed reasonable accommodations to help her cope if her PTSD were triggered or whether she lacked the ability to handle normal workplace interactions, ambiguity, intensity, and stress such that she was unable to perform the essential functions of the aviation mechanic job. For purposes of the remainder of this motion, the Court will assume that the trier of fact will find in plaintiff's favor on this issue.

Defendants argue that, even if plaintiff makes a prima facie showing that Dr. Gonzalez-Dilan failed to accommodate her disability, excluding plaintiff from the workplace was reasonable given her suicidal and homicidal ideations and Dr. Bailey's report and

---

[2] Prior to 2007, the measures must also have been "medically necessary," but that requirement was abrogated by statute, as recognized in Johnson v. Chevron U.S.A., Inc., 159 Wn. App. 18, 29-30 (2010).

ORDER GRANTING IN PART DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT          -3-

recommendations. It is not clear how these arguments fit into the WLAD framework or are relevant to determining whether defendants participated in the interactive process, considered possible accommodations, and/or evaluated any hardship arising therefrom. Taking the evidence in the light most favorable to plaintiff, when Dr. Gonzalez-Dilan first precluded plaintiff from returning to work, he knew only that plaintiff had homicidal and suicidal thoughts, that she had been voluntarily hospitalized for ten days, and that her providers had released her to return to work. Neither he nor any other Boeing Medical employee made an effort to discuss with plaintiff's providers their opinion that she could return to work or to evaluate plaintiff's various requests for accommodation. Rather, Dr. Gonzalez-Dilan determined that a referral to EAP was appropriate. It is not clear whether such a referral is standard procedure when an employee with a mental disability reports for work or whether it was based on an assumption that plaintiff's disability would adversely impact her ability to perform her job. When plaintiff's medical records were reviewed, they revealed that her homicidal thoughts had focused on her co-workers, and Dr. Gonzalez-Dilan required her to undergo a comprehensive cognitive and personality assessment.[3] That assessment undoubtedly sheds light on whether plaintiff was able to perform the essential functions of the job, and the trier of fact may find in defendant's favor on that issue (in which case plaintiff's accommodation claim would fail). Dr. Bailey was not, however, asked to perform a threat assessment and did not consider any of the accommodations suggested by plaintiff's providers. If the trier of fact were to find in plaintiff's favor on the ability to perform issue, it could reasonably find that defendant failed to affirmatively investigate and consider, much less adopt, measures that were available to accommodate plaintiff's post-

---

[3] In reply, defendant argues that plaintiff's accommodation claim should be dismissed because she told Boeing on April 22, 2013, that she was anxious and not yet ready to return to work. Plaintiff was repeatedly cleared to return to work, however, and a reasonable trier of fact could conclude that it was Boeing's refusal to accept the clearance and engage in the interactive process that aggravated her condition.

ORDER GRANTING IN PART DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT         -4-

traumatic stress disorder and depression. Hill, 144 Wn.2d at 193.

Defendants also seek dismissal of plaintiff's accommodation claim because she failed to cooperate in the interactive process through which the employer and employee are to determine whether an appropriate and reasonable accommodation exists. Goodman v. Boeing Co., 127 Wn.2d 401, 408-09 (1995). Defendants argue that plaintiff needlessly obstructed the interactive process by (1) revoking permission for Boeing to contact her Group Health providers in mid-June 2013; (2) failing to participate in the therapies recommended by Dr. Bailey; (3) conditioning her September 2013 releases of information from EAP to Boeing on her receiving and reviewing Dr. Bailey's report; and (4) moving to Georgia. Defendants do not explain how the first three events impacted their ability to identify or evaluate potential accommodations. Plaintiff and her providers requested specific accommodations in April 2013, Boeing had access to the relevant treatment records and providers before June 17, 2013, and after July 19, 2013, its insistence on an unmodified release in September 2013 so that Boeing could share information with itself is baffling, and its refusal to share Dr. Bailey's report with plaintiff is unexplained. Defendants had months in which to engage plaintiff and her providers in a conversation regarding the requested accommodations and how they could be implemented at Boeing if they were interested in doing so. Plaintiff's four-week protest when she learned that she would not be allowed to return to work for at least six months, while regrettable, did not impede Boeing's exploration of possible accommodations. As for plaintiff's return to Georgia, she claims that Boeing's refusal to return her to work combined with Aetna's determination that she was not entitled to disability benefits forced her to find work elsewhere, resulting in a constructive discharge.[4] Even if the trier of fact were to find that plaintiff ended the interactive

---

[4] "Washington cases generally describe constructive discharge as involving deliberate acts by the employer that create intolerable conditions, thus forcing the employee to quit or resign." Korslund v. DynCorp Tri-Cities Servs., Inc., 156 Wn.2d 168, 179 (2005). Placing a putative employee on unpaid leave for six to twelve months and cutting benefits off cannot long be tolerated by most working class

ORDER GRANTING IN PART DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT        -5-

process in September 2013, that would not affect a waiver before that date.

**B. Disparate Treatment Claim**

Plaintiff alleges that Dr. Gonzalez-Dilan brought about her constructive discharge from employment at Boeing "because of . . . the presence of [a] sensory, mental, or physical disability," in violation of the WLAD, RCW 49.60.180(2). To defeat a summary judgment motion, plaintiff needs to provide sufficient evidence from which "a reasonable jury could find that the plaintiff's protected trait was a substantial factor motivating the employer's adverse actions." Scrivener v. Clark Coll., 181 Wn.2d 439, 445 (2014). Dr. Gonzalez-Dilan precluded plaintiff from returning to work because her mental health destabilized and she sought in-patient medical treatment. The chronology of events and his statements raise an inference that plaintiff's mental disability was relevant to his decision. While defendants may be able to rebut the inference of discriminatory intent by showing that plaintiff was not able to perform her job or that independent evaluations are regularly requested in close cases to ensure worker safety, a decision regarding defendant's intent cannot be made as a matter of law on the record provided.

**C. Retaliation Claim**

A prima facie case of retaliation exists where (1) plaintiff engaged in statutorily protected activity, (2) an adverse employment action was taken, and (3) there is a causal link between the protected activity and the adverse action. Frisino v. Seattle Sch. Dist. No. 1, 160 Wn. App. 765, 785 (2011). Plaintiff clearly engaged in protected activity (complaining of a hostile work environment and requesting an accommodation) and suffered an adverse employment action (being excluded from the workplace without pay). She has not, however, identified any facts from which one could conclude that the exclusion was causally related to the protected activity. While a trier of fact could reasonably infer that Dr. Gonzalez-Dilan precluded plaintiff from

---

individuals: the fact that plaintiff was still coded as an "employee" in Boeing's system is of little solace when there is no income associated with that designation.

ORDER GRANTING IN PART DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT         -6-

1  returning to work because of her mental disability, it would be rank speculation to attribute
2  retaliatory motive to him: there is no indication that he was aware of plaintiff's harassment
3  complaint, and it was his job as Director of Boeing Medical to evaluate accommodation
4  requests. No inference of retaliatory animus has been raised.

6       For all of the foregoing reasons, defendants' motions for summary judgment (Dkt. # 55
7  and Dkt. # 62) are GRANTED in part. Plaintiff's retaliation claim fails as a matter of law and is
8  hereby DISMISSED. Plaintiff has raised genuine issues of fact regarding her other claims,
9  however, and this matter will be set for trial.

     Dated this 30th day of October, 2015.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT    -7-